IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM LANCE WALKER,<br>TDOC # 3552233, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 3:14-cv-01427 |
| GEORGIA CROWELL, DR. ROBERTA<br>BURNS, SHARON TAYLOR,<br>and DERRICK SCHOFIELD, | )<br>)<br>)<br>)<br>) | Judge Nixon |
| Defendants. | )<br>) | |

## ORDER

Plaintiff William Lance Walker is a state prisoner incarcerated at the Northeast Correctional Complex – Carter County Annex in Roan Mountain, Tennessee. Presently before the Court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, his complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. For the reasons set forth herein, the Court will grant the application to proceed as a pauper, dismiss the claims in the complaint against all but one of the defendants, and transfer this action to the Eastern District of Tennessee, Northeastern Division, for the convenience of the parties and witnesses and in the interest of justice.

A. **Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis*

affidavit, and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name

and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Northeast Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the Court immediately, in writing, of his change of address.

**B.     Initial Review of the Complaint**

For purposes of the initial review required by the PLRA, for the reasons explained in the accompanying Memorandum Opinion, the Court finds that the complaint fails to allege facts that support any cause of action against defendants Dr. Roberta Burns, Sharon Taylor, or Derrick Schofield. The claims against these defendants are therefore **DISMISSED** for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court nonetheless finds that the complaint states a colorable claim against defendant Georgia Crowell in her individual capacity under 42 U.S.C. § 1983 based on allegations of deliberate indifference to the plaintiff's serious medical need, in violation of his rights under the Eighth Amendment. The claim against that defendant **will be permitted to proceed.**

**C.     Transfer of the Complaint**

Venue in this district and in the Eastern District of Tennessee was appropriate at the time the action was filed, because two of the defendants were alleged to reside in this district. 28

U.S.C. § 1391(b)(1). However, given that the plaintiff and the remaining defendant both reside in a place embraced by the Eastern District of Tennessee and that the events giving rise to the plaintiff's claims took place within that district, venue no longer is appropriate in this district. Accordingly, **IT IS ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee, Northeastern Division, for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

The Court notes that it has NOT directed service of process upon defendant Crowell and leaves it to the discretion of the judge in the Eastern District to whom this matter is assigned to oversee that process.

It is so **ORDERED**.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT